UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEVE MITCHELL ALLEN, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:14-cv-00675-GMN-NJK |
| vs. ) | |
| ) | **ORDER** |
| LIBERTY MUTUAL INSURANCE ) | |
| COMPANY, DOES I through X, inclusive, ) | |
| and ROES XI through XX, inclusive, ) | |
| ) | |
| Defendants. ) | |
| ) | |

There are no pending motions before the Court in this matter. However, because the Court lacks subject matter jurisdiction over the case, the Court remands this case to the Eighth Judicial District Court.

**I.    BACKGROUND**

Plaintiff Steve Mitchell Allen ("Plaintiff") originally filed his complaint in state court on April 9, 2014. *See* (Compl. pp. 8-12, Ex. A to Not. of Removal, ECF No. 1.)  On May 1, 2014, Defendant Liberty Mutual Insurance Company ("Defendant") removed the action to this Court asserting that this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1). (Not. of Removal 1:25-27, ECF No. 1.)  Specifically, Defendant asserts that Plaintiff is domiciled in Nevada and that Defendant is domiciled in Massachusetts. (*Id.* at 2:1-5.)  Defendant further states that "[t]he amount in controversy exceeds the sum of $75,000.00." (*Id.* at 2:12-14.)

On May 5, 2014, after reviewing Defendant's Notice of Removal, the Court entered an Order to Show Cause why the case should not be remanded to the state court for lack of subject matter jurisdiction. (Order to Show Cause, ECF No. 6.)  Specifically, the Court requested that

Defendant provide additional basis for its assertion that the case involved the requisite amount in controversy. (*Id.*) Subsequently, on May 7, 2014, Defendant filed a Statement Regarding Removal (ECF No. 8) and on May 15, 2014, Defendant filed a Response to this Court's Order to Show Cause. (ECF No. 9.)

## II.     **LEGAL STANDARD**

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (citation omitted). For this reason, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Furthermore, a court may raise the question of subject matter jurisdiction *sua sponte* at any time during the action. Fed. R. Civ. P. 12(h)(3); *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

A defendant may remove an action to federal court only if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). "Removal statutes are to be 'strictly construed' against removal jurisdiction. *Nevada v. Bank of America Corp.*, 672 F.3d 661, 667 (9th Cir. 2012) (quoting *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002)). The party asserting federal jurisdiction bears the burden of overcoming the presumption against federal jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Specifically, federal courts must reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (quoting *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003) (per curiam) (noting that "[w]here it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold").

District courts have jurisdiction in two instances.  First, district courts have subject matter jurisdiction over civil actions that arise under federal law. 28 U.S.C. § 1331.  Second, district courts have subject matter jurisdiction over civil actions where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

### III.  DISCUSSION

In this case, Defendant based its removal of this action solely on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).  However, Defendant has failed to carry its burden of establishing that this Court has subject matter jurisdiction over this case.  Although Defendant established that the diversity of citizenship requirement is satisfied, Defendant failed to show, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.

In response to the Court's Order to Show Cause (ECF No. 6), Defendant asserts that "damages may reasonably exceed" the required amount in controversy because the Complaint sets forth claims for "a sum in excess of ten thousand dollars ($10,000) for his breach of contract claim; a sum in excess of ten thousand dollars ($10,000) for his contractual breach of the implied covenant of good faith and fair dealing claim; a sum in excess of ten thousand dollars ($10,000) for his tortious breach of the implied covenant of good faith and fair dealing claim; a sum in excess of ten thousand dollars ($10,000) for his bad faith claim; and a sum in excess of ten thousand dollars ($10,000) for his unfair trade practices claim [as well as] general damages in excess of ten thousand dollars ($10,000), special damages in excess of ten thousand dollars ($10,000), attorney's fees and costs, and prejudgment interest." (Def.'s Resp. to OSC 4:10-23, ECF No. 9.)

However, the Ninth Circuit has already expressed that such a bare assertion is inadequate to establish federal jurisdiction. *See Matheson*, 319 F.3d at 1091.  For example, in *Matheson*, the complaint sought "'in excess' of $10,000 for economic loss, 'in excess' of $10,000 for emotional distress, and 'in excess' of $10,000 for punitive damages." *Id.*  However, the complaint was

devoid of any indication of how much "in excess" of $10,000 the plaintiff was seeking. *Id.* Accordingly, the court held that this assertion alone was insufficient to find that the defendant "made the required showing of the amount in controversy." *Id.*; *see also Wilson v. Union Security Life Ins. Co.*, 250 F. Supp. 2d 1260, 1263 (D. Idaho 2003) (finding that Defendant's reliance on "common sense" was insufficient to establish that the amount in controversy exceeded $75,000).

Here, as Defendant noted, the complaint seeks "a sum in excess of ten thousand dollars ($10,000)" under various different claims. However, many of the claims appear to be duplicitous,[1] and, similar to *Matheson*, Plaintiff's Complaint does not detail how much in excess of $10,000 is being sought under each claim. Furthermore, Defendant failed to provide additional facts from which the Court could conclude, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.[2] Rather, Defendant attempted to establish that the amount in controversy was met by implying the Court should combine the total alleged damages and find that such damages "may reasonably exceed the statutory jurisdictional amount of $75,000.00." (Def.'s Resp. to OSC 4:10-23, ECF No. 9.) However, this bare assertion is

---

[1] Plaintiff's claim for breach of contract is duplicative with his claim for contractual breach of the implied covenant of good faith and fair dealing and his claim for tortious breach of the implied covenant of good faith and fair dealing. *See Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 272 Cal. Rptr. 387, 404 (Cal. Ct. App. 1990) (finding a claim for breach of implied covenant of good faith to be a duplicative claim for contract damages). Therefore, any award under one theory would prevent recovery under the other alternate theories. *See Countrywide Home Loans, Inc. v. Thitchener*, 192 P.3d 243, 248 (Nev. 2008) ("While plaintiffs are permitted to plead alternative or different theories of relief based on the same facts, plaintiffs may not recover more than their total loss plus any punitive damages assessed.") (internal quotations omitted).

[2] Defendant correctly notes that a request for exemplary or punitive damages within a complaint is considered when determining whether the amount in controversy exceeds $75,000. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (noting that, among other things, any exemplary or punitive damages or attorney fees that are sought in the complaint must be included in the calculation to determine the amount in controversy). However, Defendant has failed to provide adequate evidence establishing that the amount sought would result in the amount in controversy exceeding the statutorily required amount. Defendant's citation to Nev. Rev. Stat. § 42.005 is unpersuasive. That statute states that "an award of exemplary or punitive damages made pursuant to this section *may not exceed* . . . [t]here hundred thousand dollars if the amount of compensatory damages awarded to the plaintiff is less than $100,000." Nev. Rev. Stat. § 42.005 (emphasis added). This statute provides the maximum amount that Plaintiff may seek; the statute does not provide persuasive evidence as to the actual amount in controversy.

insufficient and fails to persuade the court that there is no "doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (internal quotation marks omitted).

Moreover, the facts in this case actually cast further doubt on whether the amount in controversy exceeds $75,000. As noted by Defendant, Plaintiff was involved in a car accident and incurred only $20,000 in medical bills. (Def.'s Resp. to OSC 3:23-26, ECF No. 9.) He then settled his claim against the other driver's insurance company for the policy limits, the exact amount of which is unknown. (*Id.* 3:7-10.) It was only after this settlement that Plaintiff filed the present suit seeking to recover under the Underinsured Motorist Provisions of his policy with Defendant. (*Id.* 3:10-14.) Therefore, because the medical damages were only $20,000 and much of the underlying damages to Plaintiff were satisfied by his settlement with the third-party insurance carrier, the known facts of the case further undermine Defendant's bare assertions that the amount in controversy requirement has been met.

For these reasons, Defendant has failed to carry its burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. Accordingly, this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332 and the case must be remanded to state court.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that this case is hereby remanded to the Eighth Judicial District Court. The Clerk of the Court shall remand this case back to state court and thereafter close this court's case.

**DATED** this 22nd day of May, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge